**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 17-cr-00134-CMA-20

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAMIL RILEY,

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

This matter is before the Court on Defendant Kamil Riley's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 1266.) The Probation Office and the Government filed Responses to Defendant's Motion on April 16, 2020. (Doc. ## 1271, 1272.) For the following reasons, Defendant's Motion is denied without prejudice.

## I.    ANALYSIS

On January 18, 2018, Defendant pled guilty to a one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Defendant was sentenced to a term of 60 months of imprisonment in the Bureau of Prisons ("BOP"), and his release date is August 10, 2022. In the instant Motion, Defendant is seeking compassionate release pursuant to 18

U.S.C. § 3582(c)(1)(A) because he has severe asthma, which makes him especially vulnerable to the COVID-19 virus.

Section 3582(c)(1)(A) permits a district court to reduce a term of imprisonment in certain circumstances, ". . . after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

> Simply put, under this provision, a criminal defendant may file a motion for compassionate release only if either: (1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.

*United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *2 (S.D.N.Y. Apr. 14, 2020) (citation omitted).

Defendant concedes that he has not exhausted his administrative remedies. (Doc. # 1266 at 8, 12.) Rather, he asserts that exhaustion would be futile. However, this Court agrees with the vast majority of courts to have considered the issue and which have "concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that **the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic**." *Rabadi*, 2020 WL 1862640 at *3 (emphasis added) (collecting cases). Therefore, the Court is unable to grant Defendant the relief he requests prior to his exhaustion of the administrative remedies that are available.

## II. CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1266) is DENIED WITHOUT PREJUDICE.

DATED: April 17, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge