**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 17-cr-00134-CMA-20

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAMIL RILEY,

    Defendant.

---

**ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE**

---

    This matter is before the Court on Defendant Kamil Riley's second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 1275.) The Probation Office and the Government filed Responses to Defendant's Motion on May 22, 2020, and May 26, 2020, respectively. (Doc. ## 1279, 1280.) For the following reasons, Defendant's Motion is denied without prejudice.

## I.    <u>ANALYSIS</u>

    Defendant filed his first Motion for Compassionate Release on April 8, 2020. (Doc. # 1266.) On April 17, 2020, this Court issued an order denying the motion because Defendant conceded that he had not exhausted his administrative remedies. (Doc. # 1273) (citing *United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) ("failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and .

. . the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.")). The instant Motion suffers from the same deficiencies.

Section 3582(c)(1)(A) permits a district court to reduce a term of imprisonment in certain circumstances, ". . . after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Thus, based on the plain language of the statute, a defendant must request for the BOP to bring a motion for compassionate release on the defendant's behalf before the 30-day lapse period begins. *See Rabadi*, 2020 WL 1862640, at *2 (noting 30 days must pass from warden's receipt of the defendant's "request for the BOP to file a motion on his behalf" before the defendant may personally file a motion).

It is evident from the record that Defendant has not requested for the warden of his facility to bring a motion for compassionate release on his behalf. Rather, Defendant has merely requested to be released. (Doc. # 1275.) In response to Defendant's request, Associate Warden Christopher Entzel instructed him to "discuss your eligibility for Compassionate Release with your Unit Team." (Doc. # 1272-10.) However, Defendant has not consulted with his Unit Team as he was instructed. (Doc. # 1272-1 at 15–16.) As a result, Defendant's request for compassionate release has not progressed through the BOP administrative procedures.

As a preliminary matter, the Court finds Defendant's one sentence request for release to be insufficient to trigger the 30-day lapse period. Moreover, assuming, *arguendo*, that Defendant's request was sufficient, he has not **fully** exhausted his administrative remedies. In fact, the record reflects that Defendant has chosen not to pursue his petition within the BOP procedures despite receiving specific instructions on how to do so—i.e., by consulting with his Unit Team. Therefore, Defendant has not satisfied § 3582(c)(1)(A)'s filing requirements.[1]

## II.   CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant's second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1275) is DENIED WITHOUT PREJUDICE.

DATED: June 2, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Even if the Court were to consider the merits of Plaintiff's Motion, the Court would be inclined to deny it for the reasons stated in the Government's Response. *See* (Doc. # 1279 at 13) (quoting *United States v. Korn*, No. 15-CR-81S & 11-CR-384S, 2020 WL 1808213, at *6-8 (W.D.N.Y. Apr. 9, 2020) (although a defendant's "medical conditions may place him at increased risk of contracting and succumbing to COVID-19 . . . the mere possibility of contracting a communicable disease such as COVID-19, without any showing that [BOP] will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme.")).